PETER ROCCO ET AL. V. B. FRAPOLI ET AL.

FILED FEBRUARY 16, 1897.   No. 7075.

1. **Contracts: PUBLIC POLICY.** Courts will refuse to enforce contracts which are manifestly contrary to public policy or sound morals. Following *Wilde v. Wilde*, 37 Neb., 891.

2. **Unlawful Sale of Liquor: CONTRACTS.** A contract for commission sales of intoxicating liquors in this state by one as agent of another, neither of whom has been licensed as required by the statutes of this state, is void as against public policy, and a breach of such contract cannot be made to serve as the basis for a judgment between such parties.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*G. W. Shields*, for plaintiffs in error:

The court will not enforce an illegal contract, either by specific performance or by allowing damages for its breach. (*Gould v. Kendall*, 15 Neb., 549; *Hobbie v. Zaepffel*, 17 Neb., 536; *Gipps Brewing Co. v. De France*, 58 N. W. Rep. [Ia.], 1087; *Kraut v. State*, 47 Ind., 519; *Shaw v. State*, 56 Ind., 188; *Pickens v. State*, 20 Ind., 116.)

*McCabe, Wood, Newman & Elmer, contra:*

Where two parties enter into a contract to do a thing prohibited by law, not inherently wrong, but *malum prohibitum*, that party to the contract who is more guilty cannot, after availing himself of the proceeds realized under the contract, assert its illegality against the other party, who is less in the wrong, seeking relief under the contract. (*Bateman v. Robinson*, 12 Neb., 509; *Lowell v. Boston & L. R. Co.*, 23 Pick. [Mass.], 24; *Atlas Bank v. Nahant Bank*, 3 Met. [Mass.], 581; *White v. Franklin Bank*, 22 Pick. [Mass.], 181; *Schermerhorn v. Talman*, 14 N. Y., 93; *Carkins v. Anderson*, 21 Neb., 364; *McBlair v. Gibbes*, 17 How. [U. S.], 237; *Brooks v. Martin*, 2 Wall. [U. S.], 70;

*Wann v. Kelley,* 2 McCrary [U. S.], 628; *Planters Bank v. Union Bank,* 16 Wall. [U. S.], 483.)

An agent who has received money from or in behalf of his principal cannot defeat an action, brought by the principal to recover it, upon the ground that the contract under which the money was paid, or the transaction from which it was realized, or the purpose to which it was to be devoted, was illegal. (*United Protestant Church v. Stegner,* 21 O. St., 488; *Manhattan Ins. Co. v. Ellis,* 32 O. St., 388; *Snells v. Pells,* 113 Ill., 145; *Kiewert v. Rindskopf,* 46 Wis., 481; *Baldwin v. Potter,* 46 Vt., 402; *Evans v. City of Trenton,* 24 N. J. Law, 764.)

RYAN, C.

There was a judgment in this case in the district court of Douglas county in favor of the defendants in error for the sum of $400. It was averred in the petition in said court that the defendants in error, in the month of October, 1890, had consigned from California to the plaintiffs in error, who were commission merchants in Omaha, a car load of wines and brandy; that by the terms of the agreement between the parties to such shipment the defendants in error were to pay the plaintiffs in error ten per cent commission on the amount sold by the plaintiffs in error; that the wines and brandy had either been sold or the plaintiffs in error had negligently neglected to sell the same, and, therefore, should be held to account to the defendants in error for the value of such consignment; that there had been paid but $470.15, and that the reasonable value of the liquors unaccounted for was $1,350.71, for which judgment was prayed. Among the defenses pleaded by the plaintiffs in error was that in the following language: "For further answer to said petition these defendants allege that all of the said goods described in said petition and consigned by plaintiffs to these defendants were spirituous and vinous liquors; that by the terms of said contract said goods were to be sold in the city of Omaha, Nebraska, by these defendants

as agents for the plaintiffs; and the defendants allege
that neither the said plaintiffs nor said defendants ever
had or obtained a license from the state of Nebraska, the
county of Douglas, or the city of Omaha, nor any of the
officers thereof, to sell said liquors, and that the said
goods were delivered by the said plaintiff in accordance
with the said contract to the said defendants in the city
of Omaha, Nebraska, and that the said contract between
the said plaintiffs and defendants was illegal and void."
This was denied by the reply, but there was direct, posi-
tive testimony which established beyond question the
fact that neither of the parties to this action had ever
been licensed to sell malt, spirituous, or vinous liquors
in the city of Omaha, as required by the laws of this state.
It was also proven that the other averments of the answer
above quoted were true. This case, therefore, falls
within the rule laid down in *Wilde v. Wilde,* 37 Neb., 891,
in principle, and upon a transaction of much the same
character as that at bar it has practically been settled in
advance by *Storz v. Finklestein,* 46 Neb., 577. The judg-
ment of the district court is reversed and the cause is
remanded for further proceedings.

REVERSED AND REMANDED.